IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CSI AVIATION, INC.,**

    **Plaintiff,**

vs.                                                                       Case No.

**UNITED STATES OF AMERICA,**

    **Defendant.**

## COMPLAINT FOR EXCISE TAX REFUND

Plaintiff CSI Aviation, Inc., by and through its undersigned counsel, complains against Defendant United States of America.

### Nature of the Action

1. This action arises under 26 U.S.C. § 7422 for refund of excise taxes and statutory additions thereon erroneously or illegally assessed or otherwise illegally exacted and collected from Plaintiff.

### Jurisdiction and Venue

2. The Court has jurisdiction over the subject matter of the action. 28 U.S.C. §§ 1331, 1346(a)(1).

3. Plaintiff exhausted its administrative remedies. 26 U.S.C. § 7422(a).

4. CSI Aviation's principal place of business is within this judicial district. Venue in this district is proper. 28 U.S.C. § 1402(a)(2).

### Parties

5. CSI Aviation, Inc. is a corporation organized under the law of New Mexico. As a person asserting a claim for refund of an excise tax alleged to have been erroneously or illegally

assessed or otherwise illegally exacted and collected, CSI Aviation is the proper party-plaintiff in this action. 26 U.S.C. § 7422.

6. The United States of America is the proper party-defendant in this action. 26 U.S.C. § 7422.

**Allegations of Fact**

7. At all times material to the claims stated in this action, CSI Aviation held a certificate issued by the United States Federal Aviation Administration (FAA) authorizing CSI Aviation to engage in the transportation of persons by air under Part 135 of FAA's regulations, 14 C.F.R. Part 135.

8. During this time, CSI Aviation engaged in the business, *inter alia*, of furnishing chartered on-demand transportation by air to destinations outside the United States of foreign nationals held in the custody of the United States Immigration and Customs Enforcement Agency (ICE) for removal from the United States. CSI Aviation performed these services pursuant to contracts issued by ICE's Compliance and Removals Division.

9. Under the terms of these contracts, the destination of flights, the timing of flights, the number of foreign nationals transported on the flights, and the itinerary, number, and duration of intermediate stops were dictated by ICE on an irregular basis, commonly with unpredictable changes in the timing and the number of foreign nationals being transported. ICE dictated the location, number, and duration of intermediate stops on short notice. All the foreign nationals were transported to locations outside the United States and the 225-mile zone defined by § 4262(c)(2) of the Internal Revenue Code (26 U.S.C.).

10. CSI Aviation timely filed Forms 720 *Quarterly Federal Excise Tax Returns* with the office of the Internal Revenue Service at Ogden, Utah for the quarterly calendar periods

ending March 31, 2015, June 30, 2015, September 30, 2015, December 30, 2015, March 30, 2016, June 30, 2016, September 30, 2016 and December 31, 2016.

11. With the Forms 720, CSI Aviation timely paid the excise taxes imposed by § 4261(c) of the Internal Revenue Code, which imposes a tax on any transportation of any person by air, if the transportation begins or ends in the United States.

12. By letter (Letter 2205-A (Rev. 10-20-10)) dated February 21, 2017, the Internal Revenue Service notified CSI Aviation that it had selected CSI Aviation's Forms 720 for examination.

13. On April 27, 2018 the Internal Revenue Service assessed federal excise taxes under § 4261(a) and § 4261(b) of the Internal Revenue Code and statutory interest thereon against CSI Aviation for its transportation by air of foreign nationals held in ICE's custody for removal from the United States.

14. The § 4261(a) and § 4261(b) excise taxes and interest were assessed for the quarterly calendar periods ending March 31, 2015, June 30, 2015, September 30, 2015, December 30, 2015, March 30, 2016, June 30, 2016, September 30, 2016 and December 31, 2016 ("*2015-16 Taxable Periods*") in the following amounts:

| Taxable Period | Excise Tax | Statutory Interest |
|---|---|---|
| 03/31/2015 | $1,095,209.35 | $128,266.24 |
| 06/30/2015 | 804,815.64 | 87,344.59 |
| 09/30/2015 | 909,300.59 | 91,151.75 |
| 12/31/2015 | 1,251,470.31 | 115,844.19 |
| 03/31/2016 | 939,181.00 | 76,684.14 |
| 06/30/2016 | 1,442,609.16 | 104,139.26 |
| 09/30/2016 | 1,344,257.76 | 82,858.38 |
| 12/31/2016 | 2,029,017.71 | 103,249.33 |

These assessments are referred to hereinafter as "*2015-2016 Assessments*".

15. By Forms 3552 *Notice of Tax Due on Federal Tax Return* (Rev. 2-2017) dated April 27, 2018, the Internal Revenue Service notified CSI Aviation that the excise taxes were due.

16. An authentic copy of the Forms 3552 that the Internal Revenue Service delivered to CSI Aviation, with CSI Aviation's employer identification number (EIN) redacted, is attached hereto as **Exhibit A**.

17. The Internal Revenue Service made the 2015-2016 Assessments before it had completed its examination of the Forms 720.

18. By notices (CP504B) dated January 7, 2019, while CSI Aviation was timely and properly disputing its tax liability by pursuing its administrative remedies, the Internal Revenue Service notified CSI Aviation of its intent to seize its property in collection of the disputed assessments.

19. On January 15, 2019, CSI Aviation timely filed its Form 12153 *Request for Collection Due Process or Equivalent Hearing* pursuant to § 6330 of the Internal Revenue Code with the Appeals Office of the Internal Revenue Service. CSI Aviation challenged, as inappropriate and unduly intrusive, the Internal Revenue Service's intention to levy on its property while its administrative protest was pending before the Appeals Office.

20. By notice dated January 17, 2020, the Appeals Office sustained the Collection Division's proposed collection action.

21. Neither the Collection Division nor any other administrative unit of the Internal Revenue Service has asserted that jeopardy or any other urgency warranted the assessment of federal excise taxes or issuance of the levy notices before the Internal Revenue Service's

examination of the Forms 720 was completed or while CSI Aviation's administrative protest was pending or before its rights before the Appeals Division had been exhausted.

22. On February 18, 2020, CSI Aviation timely petitioned the United States Tax Court for judicial review of the Internal Revenue Service's determination of the proposed collection action while it timely and properly pursues its judicial remedies in this action.

### Count I – Claim for Refund of Overpaid Excise Taxes
### [The 2015-16 Taxable Periods]

23. CSI Aviation incorporates herein by reference the preceding allegations of the complaint.

24. Under cover of Letter 950-E(DO) (6-2005) dated May 15, 2018, the Internal Revenue Service furnished CSI Aviation with Form 5395 *Excise Tax Examination Changes* (Rev. 6-2015) dated May 15, 2018 and Form 886A *Explanation of Items* dated May 15, 2018. The Internal Revenue Service subsequently furnished CSI Aviation with a Form 5395 *Excise Tax Examination Changes* (Rev. 6-2015) labeled "Corrected report" and dated May 16, 2018.

25. An authentic copy of the Letter 950-E(DO) (6-2005) dated May 15, 2018, Form 5395 *Excise Tax Examination Changes* (Rev. 6-2015) dated May 15, 2018, Form 886A *Explanation of Items* dated May 15, 2018 and Form 5395 *Excise Tax Examination Changes* (Rev. 6-2015) labeled "Corrected report" and dated May 16, 2018, with CSI Aviation's EIN redacted, is attached hereto as **Exhibit B**.

26. The Forms 5395 and Form 886A reported the results of the Internal Revenue Service's examination of the Forms 720 and proposed increases in the amounts of federal excise tax owed by CSI Aviation under § 4261(a) and § 4261(b) of the Internal Revenue Code.

27. Federal excise taxes under § 4261(a) are assessed on the basis of a fixed percentage of the amount paid for the taxable transportation of "any person". The tax is divisible within the meaning of *Flora v. United States*, 362 U.S. 145 (1960).

28. Federal excise taxes under § 4261(b) are assessed in a fixed amount on the amount paid for "each domestic segment" of taxable transportation by air. The tax is divisible within the meaning of *Flora*.

29. On July 12, 2018, CSI Aviation administratively protested the results of the Internal Revenue Service's examination of the Forms 720 and proposed increases in such federal excise tax.

30. An authentic copy of the administrative protest and its attachments, with CSI Aviation's EIN redacted, is attached hereto as **Exhibit C**.

31. On July 12 and 27, 2018, CSI Aviation paid under protest the sum of $50 for each calendar quarterly period of the 2015-2016 Taxable Periods, for a total payment of $400. Each payment was transmitted to the Internal Revenue Service as part of the administrative protest. An authentic copy of CSI Aviation's checks by which the payments were made for the quarterly periods of the 2015-16 Taxable Periods other than the quarterly period ended March 31, 2015, with CSI Aviation's EIN and bank account number redacted, is included in **Exhibit C**.

32. An authentic copy of CSI Aviation's check by which the payment was made for the quarterly period ended March 31, 2015, with CSI Aviation's EIN and bank account number redacted, is attached hereto as **Exhibit D**.

33. The amount CSI Aviation paid for each calendar quarterly period of the 2015-2016 Taxable Periods exceeds the divisible portion of such taxes assessed under § 4261(a) for CSI Aviation's transportation during such quarterly period of a foreign national in ICE's custody

6

for removal from the United States, which the United States contends is taxable, and the divisible portion of such taxes assessed under § 4261(b) for a segment of CSI Aviation's air transportation, which the United States contends is domestic and taxable.

34. By its payment of the divisible amounts of such taxes for the 2015-16 Taxable Periods, CSI Aviation overpaid its excise tax liability for such taxable periods.

35. As part of its administrative protest of the Internal Revenue Service's examination of the Forms 720 and proposed increases in federal excise tax, on July 12, 2018 CSI Aviation filed with the Internal Revenue Service Forms 843 *Claim for Refund and Request for Abatement* for each of the payments for the calendar quarterly periods of the 2015-16 Taxable Periods. With its administrative protest and Forms 843, CSI Aviation asked that the increases in federal excise tax be denied, the assessments of such tax be abated and its overpayments of such tax be refunded. The grounds for this relief were stated in the administrative protest. The Forms 843 were transmitted to the Internal Revenue Service as part of the administrative protest.

36. An authentic copy of the Forms 843 for the quarterly periods of the 2015-16 Taxable Periods other than the quarterly period ended March 31, 2015, with CSI Aviation's EIN redacted, is included in **Exhibit C**.

37. The Form 843 for the quarterly period ended March 31, 2015, with CSI Aviation's EIN redacted, attached hereto as **Exhibit E**.

38. By Letter 1364 (Rev. 2-2018) and dated January 23, 2020, the Internal Revenue Service notified CSI Aviation that it denied the administrative protest, Forms 843 *Claim for Refund and Request for Abatement*, refused to abate the 2015-2016 Assessments and refused to refund the payments.

39. An authentic copy of Letter 1364 (Rev. 2-2018), dated January 23, 2020, with CSI Aviation's EIN redacted, is attached hereto as **Exhibit F**.

40. CSI Aviation is not liable for any portion of the 2015-2016 Assessments. The taxes were assessed or collected erroneously or otherwise illegally exacted and collected.

41. CSI Aviation is entitled to abatement of the 2015-2016 Assessments in full and refund of the amounts paid or collected for such quarterly periods, plus statutory interest thereon to the fullest extent permitted by law. As grounds for such recovery, CSI Aviation incorporates herein by reference the statements contained in its Forms 843.

42. CSI Aviation is the sole owner of its claim stated in Count I of its complaint in this action and has not assigned the claim.

WHEREFORE, Plaintiff CSI Aviation, Inc. prays for entry of judgment in its favor and against the United States:

A. Determining that CSI Aviation is not liable for any portion of the 2015-2016 Assessments;

B. Ordering the United States to abate the 2015-2016 Assessments in full;

C. Ordering the United States to pay CSI Aviation the principal amount of $400, plus statutory interest thereon to the fullest extent permitted by law, plus post-judgment interest thereon to the fullest extent permitted by law;

D. Awarding CSI Aviation its costs; and

E. Granting CSI Aviation such other and further relief as is just and proper.

[Signature Blocks Appear on Next Page]

Respectfully submitted,

KENNEDY HERNANDEZ
& ASSOCIATES, PC

By  /s/ Jessica M. Hernandez
    Paul J. Kennedy
    Jessica M. Hernandez
    Attorneys for Plaintiff
    201 12th St. NW
    Albuquerque, NM 87102
    (505) 842-8662

MARRS GRIEBEL LAW, LTD

By  /s/ Clinton W. Marrs
    Clinton W. Marrs
    Attorneys for Plaintiff
    1000 Gold Avenue SW
    Albuquerque, NM 87102
    (505) 433-3926